**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SURINDER PAUL, AKA Surinder Paul Singh,**<br><br>　　　　　Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH, Attorney General,**<br><br>　　　　　Respondent. | No.　14-70671<br><br>Agency No. A079-248-868<br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]
San Francisco, California

Before: **THOMAS**, Chief Judge, and **KOZINSKI** and **FRIEDLAND**, Circuit Judges.

A motion to reopen a removal proceeding must ordinarily be filed within ninety days of a final removal order. See 8 U.S.C. § 1229a(c)(7)(C)(i). But there's

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

no time limit if the motion to reopen is based on material evidence relating to changed country conditions that was unavailable earlier in the proceeding. See id. § 1229a(c)(7)(C)(ii). To successfully reopen a proceeding, a petitioner must show that this new evidence is "qualitatively different" from what was previously submitted. See Najmabadi v. Holder, 597 F.3d 983, 987 (9th Cir. 2010) (citing Malty v. Ashcroft, 381 F.3d 942, 945–46 (9th Cir. 2004)).

Paul insists that country conditions in India have changed, but he offers no qualitatively different evidence that this is so. Paul's three new affidavits, all from his family members, recapitulate what he had previously submitted. Paul's new country conditions evidence is similarly redundant. The Board of Immigration Appeals did not abuse its discretion by denying Paul's motion to reopen as untimely.

**DENIED.**